| Fill in this information to identify your case: | |
|---|---|
| Debtor 1 | **Courtney Gilbert Trice** <br> First Name    Middle Name    Last Name |
| Debtor 2 <br> (Spouse, if filing) | First Name    Middle Name    Last Name |
| United States Bankruptcy Court for the **NORTHERN DISTRICT OF GEORGIA - ATLANTA DIVISION** | |
| Case number: **24-57585-pwb** <br> (If known) | |

☑ Check if this is an amended plan, and list below the sections of the plan that have been changed. Amendments to sections not listed below will be ineffective even if set out later in this amended plan.
**3.5; 8.1**

# Second Amended Chapter 13 Plan

**NOTE:** The United States Bankruptcy Court for the Northern District of Georgia adopted this form plan for use in Chapter 13 cases in the District pursuant to Federal Rule of Bankruptcy Procedure 3015.1. See Order Requiring Local Form for Chapter 13 Plans and Establishing Related Procedures, General Order No. 41-2020, available in the Clerk's Office and on the Bankruptcy Court's website, ganb.uscourts.gov. As used in this plan, "Chapter 13 General Order" means General Order No. 41-2020 as it may from time to time be amended or superseded.

## Part 1: Notices

**To Debtor(s):** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with the United States Bankruptcy Code, local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies.*

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless the Bankruptcy Court orders otherwise. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015.

To receive payments under this plan, you must have an allowed claim. If you file a proof of claim, your claim is deemed allowed unless a party in interest objects. See 11 U.S.C. § 502(a).

**The amounts listed for claims in this plan are estimates by the debtor(s). An allowed proof of claim will be controlling, unless the Bankruptcy Court orders otherwise.**

The following matters may be of particular importance. *Debtor(s) must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not included," if both boxes are checked, or if no box is checked, the provision will be ineffective even if set out later in the plan, except 1.4.*

| | | Included | Not Included |
|---|---|---|---|
| § 1.1 | **A limit on the amount of a secured claim, that may result in a partial payment or no payment at all to the secured creditor, set out in § 3.2** | ☑ Included | ☐ Not Included |
| § 1.2 | **Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 3.4** | ☐ Included | ☑ Not Included |
| § 1.3 | **Nonstandard provisions, set out in Part 8.** | ☑ Included | ☐ Not Included |
| § 1.4 | **The plan provides for the payment of a domestic support obligation (as defined in 11 U.S.C. § 101(14A)), set out in § 4.4.** | ☐ Included | ☑ Not Included |

## Part 2: Plan Payments and Length of Plan; Disbursement of Funds by Trustee to Holders of Allowed Claims

§ 2.1    Regular Payments to the trustee; applicable commitment period.

The applicable commitment period for the debtor(s) as set forth in 11 U.S.C. § 1325(b)(4) is:

Debtor **Courtney Gilbert Trice**     Case number _____

*Check one:* ☑ 36 months     ☐ 60 months

Debtor(s) will make regular payments ("Regular Payments") to the trustee as follows:

The debtor(s) will pay **$ 950.00** per month for the applicable commitment period. If the applicable commitment period is 36 months, additional Regular Payments will be made to the extent necessary to make the payments to creditors specified in this plan, not to exceed 60 months unless the Bankruptcy Court orders otherwise. If all allowed claims treated in § 5.1 of this plan are paid in full prior to the expiration of the applicable commitment period, no further Regular Payments will be made.

*Check if applicable.*

☑ The amount of the Regular Payment will change as follows *(If this box is not checked, the rest of § 2.1 need not be completed or reproduced. Insert additional lines as needed for more changes.)*:

| Beginning on *(insert date)*: | The Regular Payment amount will change to *(insert amount)*: | For the following reason *(insert reason for change)*: |
|---|---|---|
| November 2024 | $1,850.00 per Month | Debtor's part time job resumes |
|  |  |  |

**§ 2.2**     **Regular Payments; method of payment.**

Regular Payments to the trustee will be made from future income in the following manner:

*Check all that apply:*

☑ Debtor(s) will make payments pursuant to a payroll deduction order. If a deduction does not occur, the debtor(s) will pay to the trustee the amount that should have been deducted.

☐ Debtor(s) will make payments directly to the trustee.

☐ Other (specify method of payment): _____

**§ 2.3**     **Income tax refunds.**

*Check one.*

☑ Debtor(s) will retain any income tax refunds received during the pendency of the case.

☐ Debtor(s) will (1) supply the trustee with a copy of each federal income tax return filed during the pendency of the case within 30 days of filing the return and (2) turn over to the trustee, within 30 days of the receipt of any federal income tax refund during the applicable commitment period for tax years ____, the amount by which the total of all of the federal income tax refunds received for each year exceeds $2,000 ("Tax Refunds"), unless the Bankruptcy Court orders otherwise. If debtor's spouse is not a debtor in this case, "tax refunds received" means those attributable to the debtor.

☐ Debtor(s) will treat tax refunds ("Tax Refunds") as follows: _____

**§ 2.4**     **Additional Payments.**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

**§ 2.5**     **[Intentionally omitted.]**

**§ 2.6**     **Disbursement of funds by trustee to holders of allowed claims.**

The trustee shall disburse funds in accordance with General Order No. 41-2020. (www.ganb.uscourts.gov/local-rules-and-orders)

| Part 3: | **Treatment of Secured Claims** |
|---|---|

**§ 3.1**     **Maintenance of payments and cure of default, if any.**

| Debtor | **Courtney Gilbert Trice** | Case number | |
|---|---|---|---|

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

☑ Beginning with the first payment that is due after the date of the order for relief under Chapter 13, the debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed directly by the debtor(s). Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated below.

If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless the Bankruptcy Court orders otherwise, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan.

| Name of creditor | Collateral | Estimated amount of arrearage (if any) | Interest rate on arrearage (if applicable) | Monthly plan payment on arrearage |
|---|---|---|---|---|
| **PHH Mortgage Corporation** | **8635 Forest Pointe Court Jonesboro, GA 30238 Clayton County** | $ **9,506.00** | **0.00**% | $**200.00** |
| **US Department of HUD** | **8635 Forest Pointe Court Jonesboro, GA 30238 Clayton County** | $**0.00** | **0.00**% | $**0.00** |

**§ 3.2    Request for valuation of security and modification of certain undersecured claims.**

☐ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*
**The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.**

☑ The debtor(s) request(s) that the Bankruptcy Court determine the value of the secured claims listed below.

For each non-governmental secured claim listed below, the debtor(s) state(s) that the value of the secured claim should be as set out in the column headed *Amount of secured claim*. For secured claims of governmental units, unless the Bankruptcy Court orders otherwise, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below. For each creditor checked below, debtor(s) will file a motion pursuant to Bankruptcy Rule 3012 and the Chapter 13 General Order to request determination of the amount of the secured claim.

For each listed claim below, the value of the secured claim will be paid in full, with interest at the rate stated below. For a secured tax claim, the interest rate shall be the interest rate stated in the proof of claim. The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan.

The trustee will make monthly preconfirmation adequate protection payments that 11 U.S.C. § 1326(a)(1)(C) requires to the creditor in the amount set out in the column headed *Monthly preconfirmation adequate protection payment*.

The holder of any claim listed below as having value in the column headed *Amount of secured claim* will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) payment of the amount of the secured claim, with interest at the rate set forth below, and discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

Debtor **Courtney Gilbert Trice**  Case number _____

| Check only if motion to be filed | Name of creditor | Estimated amount of total claim | Collateral and date of purchase | Value of collateral | Amount of claims senior to creditor's claim | Amount of secured claim | Interest rate | Monthly pre-confirmation adequate protection payment | Monthly post-confirmation payment |
|---|---|---|---|---|---|---|---|---|---|
| ☐ | Lendmark Financial Services, LLC (#4) | $9,396.00 | 2004 Honda Civic 245617 miles Opened 12/22 | $3,900.00 | $0.00 | $3,900.00 | 9.00% | $200.00 | $200.00 |
| ☐ | Lendmark Financial Services, LLC (#5) | $15,824.00 | 2007 Hummer H2 141118 miles Opened 12/23 | $11,050.00 | $0.00 | $11,050.00 | 9.00% | $320.00 | $320.00 |
| ☐ | Performance Finance | $7,813.00 | 2016 Polaris Slingshot 24617 miles Opened 09/20 | $10,885.00 | $0.00 | $10,885.00 | 9.00% | $270.00 | $270.00 |
| ☐ | Redstone Federal Credit Union | $8,000.00 | 2009 Ford F350 239000 miles 12/2021 | $5,930.00 | $0.00 | $5,930.00 | 10.00% | $135.00 | $135.00 |
| ☐ | Republic Finance, LLLC | $5,000.00 | 2004 Ford Mustang 125000 miles Opened 09/23 | $3,809.00 | $0.00 | $3,809.00 | 9.00% | $110.00 | $110.00 |

§ 3.3    **Secured claims to be paid in full.**

*Check one.*

☐ **None**. *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

☑ The claims listed below will be paid in full under the plan. Reasons for payment in full may include:

(1) were incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or

(2) were incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

(3) the value of the collateral exceeds the anticipated claim; or

(4) the claim listed shall be paid in full because the claim is cosigned; or

(5) the claim shall be paid in full because the debtor is not entitled to a discharge.
These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed by the

Debtor    **Courtney Gilbert Trice**    Case number _____

trustee.

The trustee will make monthly preconfirmation adequate protection payments that 11 U.S.C. § 1326(a)(1)(C) requires to the creditor in the amount set out in the column headed *Monthly preconfirmation adequate protection payment*.

The holder of any claim listed below will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) payment of the amount of the secured claim, with interest at the rate set forth below, and discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

| Name of Creditor | Collateral | Purchase date | Estimated amount of claim | Interest rate | Monthly preconfirmation adequate protection payment | Monthly postconfirmation payment to creditor by trustee |
|---|---|---|---|---|---|---|
| Atlanta Title Loan | 2005 Jaguar X-Type 121715 miles | 2023 | $**2,502.00** | **9.00**% | $**130.00** | $**130.00** |

**§ 3.4    Lien avoidance**.

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**§ 3.5    Surrender of collateral.**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*
☑ The debtor(s) elect(s) to surrender to each creditor listed below the collateral that secures the creditor's claim. The debtor(s) request(s) that, upon confirmation of this plan, the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under § 1301 be terminated in all respects. Confirmation of the plan results in termination of such stays. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 5 below. No payments as to the collateral will be made, and all secured claims based on the collateral will not otherwise be treated by the plan.

| Name of Creditor | Collateral |
|---|---|
| **OneMain Financial** | **2014 Chevrolet Cruze 137638 miles** |

**§ 3.6    Other Allowed Secured Claims.**

A proof of claim that is filed and allowed as a secured claim, but is not treated as a secured claim in this plan, shall be paid with interest at the rate of **8.00**%. Payments will commence as set forth in § 2.6. Notwithstanding the foregoing, the debtor(s), and any other party in interest, may: object to allowance of the claim; request that the Bankruptcy Court determine the value of the secured claim if modification of the claim is permissible and if 11 U.S.C. § 506 is applicable; or request that the Bankruptcy Court avoid the creditor's lien pursuant to 11 U.S.C. § 522(f), if applicable.

If the Bankruptcy Court determines the value of the secured claim, the portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan.

The holder of the claim will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) payment of the amount of the secured claim, with interest at the rate set forth above, and discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

| Part 4: | **Treatment of Fees and Priority Claims** |

Debtor **Courtney Gilbert Trice** _____ Case number _____

**§ 4.1  General.**

Trustee's fees and all allowed priority claims will be paid in full without postpetition interest. An allowed priority claim will be paid in full regardless of whether it is listed in § 4.4.

**§ 4.2  Trustee's fees.**

Trustee's fees are governed by statute and may change during the course of the case.

**§ 4.3  Attorney's fees.**

(a) The unpaid fees, expenses, and costs owed to the attorney for the debtor(s) in connection with legal representation in this case are $__**5,000.00**__. The allowance and payment of the fees, including the award of additional fees, expenses and costs of the attorney for the debtor(s) are governed by General Order 42-2020 ("Chapter 13 Attorney's Fees Order"), as it may be amended.

(b) Upon confirmation of the plan, the unpaid amount shall be allowed as an administrative expense under 11 U.S.C. § 503(b) to the extent set forth in the Chapter 13 Attorney's Fees Order.

(c) From the first disbursement after confirmation, the attorney will receive payment under the Chapter 13 Attorney's Fees Order up to the allowed amount set forth in § 4.3(a)

(d) The unpaid balance and any additional amounts allowed under § 4.3(c) will be payable (1) at $__**350.00**__ per month from Regular Payments and (2) from Tax Refunds or Additional Payments, as set forth in the Chapter 13 Attorney's Fees Order until all allowed amounts are paid in full.

(e) If the case is converted to Chapter 7 before confirmation of the plan, the debtor(s) direct(s) the trustee to pay to the attorney for the debtor(s) the amount of $__**2,500.00**__, not to exceed the maximum amount that the Chapter 13 Attorney's Fees Order permits. If the attorney for the debtor(s) has complied with the applicable provisions of the Chapter 13 Attorney's Fees Order, the trustee will deliver, from the funds available, the stated amount or the maximum amount to the attorney, whichever is less.

(f) If the case is dismissed before confirmation of the plan, fees, expenses, and costs of the attorney for the debtor(s) in the amount of $__**2,500.00**__, not to exceed the maximum amount that the Chapter 13 Attorney's Fees Order permits, will be allowed to the extent set forth in the Chapter 13 Attorney's Fees Order. The attorney may file an application for fees, expenses, and costs in excess of the maximum amount within 14 days from entry of the order of dismissal. If the attorney for the debtor(s) has complied with the applicable provisions of the Chapter 13 Attorney's Fees Order, the trustee will deliver, from the funds available, the allowed amount to the attorney

(g) If the case is converted to Chapter 7 after confirmation of the plan, the debtor(s) direct(s) the trustee to deliver to the attorney for the debtor(s), from the funds available, any allowed fees, expenses, and costs that are unpaid.

(h) If the case is dismissed after confirmation of the plan, the trustee will pay to the attorney for the debtor(s), from the funds available, any allowed fees, expenses, and costs that are unpaid.

**§ 4.4  Priority claims other than attorney's fees.**

☐ **None.** _If "None" is checked, the rest of § 4.4 need not be completed or reproduced._

☐ The debtor(s) has/have domestic support obligations as set forth below. The debtor(s) is/are required to pay all post-petition domestic support obligations directly to the holder of the claim.

| Name and address of creditor | Name and address of child support enforcement agency entitled to § 1302(d)(1) notice | Estimated amount of claim | Monthly plan payment |
|---|---|---|---|
| -NONE- | | $ | $ |

☑ The debtor(s) has/have priority claims other than attorney's fees and domestic support obligations as set forth below:

| Name of creditor | Estimated amount of claim |
|---|---|
| **Georgia Department of Revenue** | $**0.00** |
| **Internal Revenue Service** | $**0.00** |

Debtor **Courtney Gilbert Trice** Case number

| Part 5: | Treatment of Nonpriority Unsecured Claims |

**§ 5.1 Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata, as set forth in § 2.6. Holders of these claims will receive:

*Check one.*

☐ A pro rata portion of the funds remaining after disbursements have been made to all other creditors provided for in this plan.

☐ A pro rata portion of the larger of (1) the sum of $_____ and (2) the funds remaining after disbursements have been made to all other creditors provided for in this plan.

☐ The larger of (1) _____% of the allowed amount of the claim and (2) a pro rata portion of the funds remaining after disbursements have been made to all other creditors provided for in this plan.

☑ 100% of the total amount of these claims.

Unless the plan provides to pay 100% of these claims, the actual amount that a holder receives will depend on (1) the amount of claims filed and allowed and (2) the amounts necessary to pay secured claims under Part 3 and trustee's fees, costs, and expenses of the attorney for the debtor(s), and other priority claims under Part 4.

**§ 5.2 Maintenance of payments and cure of any default on nonpriority unsecured claims.**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

**§ 5.3 Other separately classified nonpriority unsecured claims.**

*Check one*.

☑ **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

| Part 6: | Executory Contracts and Unexpired Leases |

**§ 6.1 The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

| Part 7: | Vesting of Property of the Estate |

**§ 7.1 Unless the Bankruptcy Court orders otherwise, property of the estate shall not vest in the debtor(s) on confirmation but will vest in the debtor(s) only upon: (1) discharge of the debtor(s); (2) dismissal of the case; or (3) closing of the case without a discharge upon the completion of payments by the debtor(s).**

| Part 8: | Nonstandard Plan Provisions |

**§ 8.1 Check "None" or List Nonstandard Plan Provisions.**

☐ **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*
Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in this N.D. Ga. Chapter 13 Plan Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.

**The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3. (Insert additional lines if needed.)**

Debtor   **Courtney Gilbert Trice**                                         Case number

**Debt owed to Towd Point Mortgage Trust 2024-3 c/o Select Portfolio Servicing, Inc. secured by property located at 1052 Arbor Way, McDonough GA30253 to be paid direct by co-debtor, Cherika Trice.**

**Plan payment change shall be retroactive to August 2024.**

**Debt owed to Pinnacle Credit Union for claim No. 14 shall be paid in full at contract interest ( 9.836%) to protect the non-filing cosigner with monthly payments in the amount of $ 129.00.**

| Part 9: | **Signatures:** |

**§ 9.1    Signatures of Debtor(s) and Attorney for Debtor(s).**

The debtor(s) must sign the initial plan and, if not represented by an attorney, any modification of the plan, below. The attorney for the debtor(s), if any, must sign below.

X  **/s/ Courtney Gilbert Trice**                              X
   **Courtney Gilbert Trice**                                     Signature of debtor 2 executed on
   Signature of debtor 1 executed on    11/18/2024

   **8635 Forest Pointe Court**
   **Jonesboro, GA 30238**
   Address                      City, State, ZIP code              Address                    City, State, ZIP code

X  **/s/ Celia R. Washington, GA Bar No.**       Date: 11/18/2024
   **Celia R. Washington, GA Bar No. 044108**
   Signature of attorney for debtor(s)

   **Clark & Washington, P.C.**
   **3300 NE Expressway**
   **Building 3**
   **Atlanta, GA 30341**
   **(404) 522-2222**
   **(770) 220-0685 - fax**
   Firm                                                          Address                    City, State, ZIP code

**By filing this document, the debtor(s), if not represented by an attorney, or the attorney for debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 Plan are identical to those contained in the Local Form for Chapter 13 Plans that the Bankruptcy Court for the Northern District of Georgia has prescribed, other than any nonstandard provisions included in Part 8.**

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA - ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | * | CASE NO. 24-57585-pwb |
| | * | |
| Courtney Gilbert Trice | * | CHAPTER 13 |
| AKA Courtney G Trice; AKA Courtney Trice | * | |
| | * | |
| | * | |
| | * | |
| | * | |
| Debtor. | * | |

## CERTIFICATE OF SERVICE

I certify that I served the following parties with a true copy of the attached "Amendment to Chapter 13 Plan" by placing the same in the United States Mail with adequate postage affixed to ensure delivery and addressed to:

Courtney Gilbert Trice
8635 Forest Pointe Court
Jonesboro GA 30238

And, in the same manner, I served the parties listed in the attached matrix at the addresses indicated therein.

I further certify that K. Edward Safir, the Chapter 13 Trustee, was served via the ECF electronic mail/noticing system.

DATE: 11/18/2024
/s/
Celia R. Washington, GA Bar No. 044108
Attorney for Debtors

Clark & Washington, PC
3300 Northeast Expressway
Building 3
Atlanta GA 30341
Phone: 404-522-2222
Fax:  770-220-0685
Email:  ecfnotices@cw13.com

```
Label Matrix for local noticing          Atlanta Title Loan                       Atlanta Title Loans
113E-1                                   RA: C T Corporation System               3440 Preston Ridge Rd, Ste 500
Case 24-57585-pwb                        289 S Culver St                          Alpharetta, GA 30005-3823
Northern District of Georgia             Lawrenceville, GA 30046-4805
Atlanta
Mon Nov 18 10:13:26 EST 2024

(p)CAINE & WEINER COMPANY                Cherika Trice                            Choice Recovery
12005 FORD ROAD 300                      1052 Arbor Way                           Attn: Banktruptcy
DALLAS TX 75234-7262                     McDonough, GA 30253-8716                 1105 Schrock Rd, Ste 700
                                                                                  Columbus, OH 43229-1168


E. L. Clark                              Credit Collection Services               DEUTSCHE BANK NATIONAL TRUST COMPANY
Clark & Washington, LLC                  Attn: Bankruptcy                         c/o PHH Mortgage Corporation
Bldg. 3                                  725 Canton St                            Attn: Bankruptcy Department
3300 Northeast Expwy.                    Norwood, MA 02062-2679                   PO Box 24605
Atlanta, GA 30341-3932                                                            West Palm Beach, FL 33416-4605


(p)DELTA COMMUNITY CREDIT UNION          DigniFi                                  Evan Owens Durkovic
PO BOX 20541                             Attn: Bankruptcy                         Aldridge Pite, LLP
ATLANTA GA 30320-2541                    Po Box 7084                              Six Piedmont Center, Ste 700
                                         Boulder, CO 80306-7084                   3525 Piedmont Road N.E.
                                                                                  Atlanta, GA 30305-1578


(p)GEORGIA DEPARTMENT OF REVENUE         Internal Revenue Service                 Jeffrey L Cook
COMPLIANCE DIVISION                      401 W. Peachtree St., NW                 P.O. Box 5585
ARCS BANKRUPTCY                          Stop #334-D Room 400                     Huntsville, AL 35814-5585
1800 CENTURY BLVD NE SUITE 9100          Atlanta, GA 30308
ATLANTA GA 30345-3202


(p)LENDMARK FINANCIAL SERVICES           LVNV Funding LLC c/o                     Louise Trice
2118 USHER ST                            Resurgent Capital Services               2974 Orr Drive
COVINGTON GA 30014-2434                  PO Box 10587                             Atlanta, GA 30344-4005
                                         Greenville, SC 29603-0587


Lvnv Funding/Resurgent Capital           (p)DSNB MACY S                           Navy FCU
Attn: Bankruptcy                         CITIBANK                                 Attn: Bankruptcy
Po Box 10497                             1000 TECHNOLOGY DRIVE MS 777             Po Box 3000
Greenville, SC 29603-0497                O FALLON MO 63368-2239                   Merrifield, VA 22119-3000


Navy Federal Credit Union                OneMain Financial                        OneMain Financial Group, LLC
P.O. Box 3000                            RA: C T Corporation System               PO Box 3251
Merrifield, VA 22119-3000                289 S Culver St                          Evansville, IN 47731-3251
                                         Lawrenceville, GA 30046-4805


PHH Mortgage Corporation                 Performance Finance                      Performance Finance
RA: Corporation Service Company          10509 Professional Circle Ste 100        RA: Robyn M. Lajevardi
2 Sun Court                              Reno, NV 89521-4883                      5400 Beau Reve Park
Suite 400                                                                         Marietta, GA 30068-4768
Norcross, GA 30092-2865


Pinnacle Credit Union                    Pinnacle Credit Union                    Pinnacle Credit Union
Kaplan Cooper PC                         RA: Dr. Gene Chandler                    RA: Dr. Gene Chandler
5775 Glenridge Drive                     2357 Benjamin E Mays Dr SW               2357 Benjamine E Mayes Dr SW
Suite B320                               Atlanta, GA 30311-3240                   Atlanta, GA 30311-3240
Atlanta, GA 30328-5380
```

```
Pinnacle Credit Union                   Redstone Federal Credit Union           (p)REPUBLIC FINANCE LLC
c/o Samantha Tzoberi, Esq.              CEO: Joseph Joe Newberry                282 TOWER RD
Kaplan Cooper, P.C.                     220 Wind Drive                          PONCHATOULA LA 70454-8318
5775 Glenridge Drive                    Huntsville, AL 35893-0001
Suite B-320
Atlanta, GA 30328-5380


Republic Finance, LLLC                  K. Edward Safir                         (p)SUNSET MANAGEMENT CO LLC
RA: C T Corporation System              Standing Chapter 13 Trustee             ATTN KRISTIN WILSON
289 S Culver Street                     Suite 1600                              510 MOUNTIAN VIEW DR
Lawrenceville, GA 30046-4805            285 Peachtree Center Ave. NE            SUITE 500
                                        Atlanta, GA 30303-1229                  SENECA SC 29672-2145


Towd Point Mortgage Trust 2024-3        Courtney Gilbert Trice                  Samantha Tzoberi
c/o Select Portfolio Servicing, Inc.    8635 Forest Pointe Court                Kaplan Cooper, P.C.
P.O. Box 65250                          Jonesboro, GA 30238-4360                Suite B-320
Salt Lake City, UT 84165-0250                                                   5775 Glenridge Drive
                                                                                Atlanta, GA 30328-5380


U.S. Bank, National Truste Association  (p)US DEPARTMENT OF HOUSING AND URBAN DEVELOP  United States Attorney
c/o Select Portfolio Servicing, Inc.    ATTN ROBERT ZAYAC                       Northern District of Georgia
P.O. Box 65250                          40 MARIETTA ST SUITE 300                75 Ted Turner Drive SW, Suite 600
Salt Lake City, UT 84165-0250           ATLANTA GA 30303-2812                   Atlanta GA 30303-3309



              The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
              by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).


Caine & Weiner                          Delta Community Credit Union            Georgia Department of Revenue
Attn: Bankruptcy                        P.O. Box 20541                          Compliance Division
5805 Sepulveda Blvd 4th Floor           Atlanta, GA 30320                       ARCS Bankruptcy 1800 Century B
Sherman Oaks, CA 91411                                                          Atlanta, GA 30345-3202


LENDMARK FINANCIAL SERVICES, LLC        (d)Lendmark Financial Services, LLC     Macys/fdsb
2118 USHER STREET                       RA: C T Corporation System              Attn: Bankruptcy
COVINGTON, GA 30014                     289 S Culver St                         9111 Duke Boulevard
                                        Lawrenceville, GA 30046                 Mason, OH 45040


Republic Finance, LLC                   Sunset Finance                          US Department of HUD
282 Tower Rd.                           Attn: Bankruptcy                        451 7th Street S.W.
Ponchatoula, LA  70454                  510 Mountain View Dr, Ste 500           Washington, DC 20410
                                        Seneca, SC 29672




              The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.


(u)PHH Mortgage Corporation             End of Label Matrix
                                        Mailable recipients    41
                                        Bypassed recipients     1
                                        Total                  42
```